# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:17-CR-44-TLS |
| | ) | |
| BILLY HARRIS | ) | |

## ORDER

On July 28, 2017, law enforcement officers recovered incriminating evidence from a residence, which provided the basis for the felon in possession of a firearm charge [Indictment, ECF No. 1] that is pending against Defendant Billy Harris. On March 21, 2018, the Defendant moved to suppress [ECF No. 30] any physical evidence seized from the residence, located on Boltz Avenue in Fort Wayne, Indiana, alleging that it was seized in violation of his Fourth Amendment rights. Upon referral from this Court, Magistrate Judge Paul R. Cherry held an evidentiary hearing on May 7, 2018, received post-hearing briefing, and issued a Report and Recommendation [ECF No. 53], recommending that the Court deny the Defendant's Motion to Suppress Evidence.

Under 28 U.S.C. § 636(b)(1)(A)–(B), a magistrate judge does not have authority to issue a final order on a motion to suppress evidence in a criminal case. Instead, the magistrate judge submits proposed findings of fact and recommendations to the district court. If a party files a timely objection to the magistrate judge's report and recommendation, § 636(b)(1) provides that

> the district judge is to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The court may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge also may receive further evidence or recommit the matter to the magistrate judge with instructions.

The time for filing objections to the Report and Recommendation has passed, and no objections

have been filed. Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

At the evidentiary hearing, Special Agent T.J. Worthen, ATF Task Force Officer Caleb Anderson, and Indiana State Police Trooper James Stanley testified regarding the events of July 28, 2017, that led them to the inside of the Boltz Avenue residence. The Magistrate Judge also heard testimony from the Defendant's stepfather, Brian Jones, the Defendant's mother, Beverly Harris, and from the Defendant—all of whom were present at the house on July 28, 2017. The Magistrate Judge compared the testimony of the witnesses to the audio recording captured by the device SA Worthen was wearing on July 28, 2017.

Based on the evidence, the Magistrate Judge found that Beverly Harris gave verbal permission for law enforcement officers to enter her house to talk to the Defendant. SA Worthen and TFO Anderson then observed contraband in plain view inside the house. Based on what they viewed, the officers informed Beverly Harris that they would be able to obtain a search warrant. Beverly Harris, upon being informed that officers could obtain a search warrant, gave consent to search, and no occupant of the house thereafter withdrew the consent.

The only conflicting evidence in the record was whether Beverly Harris, prior to giving consent, first expressed that she did not want her house to be searched. On this point, the Magistrate Judge found the testimony of the law enforcement officers—that Beverly Harris never said she did not want her home searched—to be more credible. The Magistrate Judge based his finding on his observation of the witnesses at the hearing, the corroborating testimony of several witnesses, and the finding's consistency with Beverly Harris's demeanor and helpfulness during the search, which had been preserved on the audio recording.

Neither party has objected to this assessment or to the Magistrate Judge's characterization of the testimony. The Court adopts the Magistrate Judge's findings of fact regarding the events of July 28, 2017. Finding no clear error, the Court also adopts, in full, the Magistrate Judge's detailed analysis of the law that is applicable to valid consents to search, and the conclusion that Beverly Harris's consent was voluntary, and was never vitiated by an express refusal of consent by a co-occupant of the residence. Therefore, the Court adopts the recommendation to deny the Motion to Suppress on grounds that the search was conducted pursuant to a valid consent, and did not violated the Defendant's rights under the Fourth Amendment.

## CONCLUSION

For the reasons stated above, the Court ADOPTS the Report and Recommendation [ECF No. 53], and DENIES the Motion to Suppress [ECF No. 30] for the reasons set forth by the Magistrate Judge. A separate scheduling order will be issued.

SO ORDERED October 3, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT